**CROWN KOSHER SUPER MARKET OF MASSACHUSETTS, INC.**

v.

**Raymond P. GALLAGHER, Chief of Police.**

**Civ. A. No. 58-471-M.**

United States District Court
D. Massachusetts.

Nov. 12, 1959.

For majority opinion, see 176 F.Supp. 466.

McCARTHY District Judge.

In this Three-Judge Court case the Commonwealth of Massachusetts moved for rehearing after the decision of the majority of the court had been handed down. The same majority in a "per curiam" decision have denied the motion without a hearing. As I indicated when the motion was denied, I did not agree with the denial. Herein, I express my reasons briefly for that disagreement.

In my dissenting opinion I stated that "the interests of justice would best be served by reopening the case in this court for the purpose of taking testimony to establish the truth". [176 F.Supp. 478] A re-examination and re-appraisal of the case as it was presented to the court has served only to strengthen my conviction

that this case should not go to the Supreme Court in its present posture. The basic issues involved are of such importance that it would be extremely unfortunate, to say the least, to have the High Court presented with a record that is incomplete, inconclusive and confusing. A rehearing in my judgment would have resulted in the introduction of sufficient evidence to have clarified the factual situation.

In the memorandum of the majority of the court filed after the motion for rehearing was denied, it is stated that the result in this case might well have been different had the case been tried in another way. I would be less than candid if I did not make the observation that insofar as the presentation of evidence on behalf of the defendant was concerned, the case was not tried at all. One need only consult the record in the case and the docket entries on file to appreciate that this is so. The late Attorney General of the Commonwealth apparently contented himself with filing an appearance in its behalf. An Assistant Attorney General was assigned to the case but his activity was confined to the arguing of a motion to dismiss the complaint and to a cross-examination of the one witness who testified on behalf of the corporate plaintiff. In making that observation I make no reflection upon the able Assistant Attorney General who appeared in the court proceedings. Whatever the reasons may have been for the failure of the Commonwealth to investigate the allegations of the complaint, to present evidence on behalf of the defendant, and to uphold the constitutionality of the law of Massachusetts which had been repeatedly upheld by the State Supreme Court, the fact remains that the complete absence of credible evidence has left the record in this case inconclusive and confusing. I may say that the lack of preparation in this case was known to the majority of the court before the first hearing and, a fortiori, at the time that the motion for rehearing was decided adversely. Believing as I do that the sole aim and object of the trial of a law suit is to establish the truth, I deem it my duty to renew the protest hitherto made in my dissenting opinion against the manner in which this case has been defended.

The basic issues involved are of such importance that it would be extremely unfortunate, to say the least, to have the Supreme Court presented with a record that is thoroughly incomplete, inconclusive, confusing, and lacking in probative value, exemplified by the many contradictory statements by the one witness, Mr. Chernock. He was the chairman of the board of directors and owned fifty per cent of the stock of the company, of which his wife and a relative were also members and constituted three of the five directors. He was the general manager but could give no testimony with reference to the sale of the commodities outside of meat. Non-meat products represented at least eighty-five per cent of the many commodities which were not established as kosher food products. These other products were purchased by somebody else and Chernock admitted that he could not tell what they were—all this in a store called a kosher super market which employed as a maximum no more than eleven, and with a general average of six working. It is important to contrast the testimony with the agreed statement of facts which are already in evidence and upon which the same case under another name was passed upon favorably to the Commonwealth in the criminal proceedings by the Supreme Judicial Court.

I believe that a court should be extremely reluctant to strike down a state statute as unconstitutional where the state courts have upheld the statute on repeated occasions, especially where a court is presented with a record such as we are confronted with here. I would allow the motion for rehearing and grant the parties sufficient time to develop the evidence required to sustain or refute the allegations of the complaint.

I would respectfully suggest in the alternative that the proceedings be referred to a special master in order to

have the true facts determined. Apart completely from the relative values of the various factual questions arising out of the testimony of the witness Chernock, which is a part of the transcript of the hearing before the three-judge court on November 13, 1958, which transcript also contains arguments of counsel in connection with other matters which were argued before the court at that time, and which is a part of the court record to be sent to the Supreme Court of the United States on the appeal that has been taken, I reaffirm my conclusions of law on every phase of the other issues before the three-judge court which I have set forth in my original dissenting opinion.